PROB 12B
(7/93)

Report Date: February 16, 2006

## United States District Court

for the

Eastern District of Washington

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 17 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

Name of Offender: Kristy Marie Davis         Case Number: 2:01CR00179-001 - WFN

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen

Date of Original Sentence: 05/01/2002         Type of Supervision: Supervised Release

Original Offense: Conspiracy to Distribute Cocaine Base, 21 U.S.C. § 841(a)(1)         Date Supervision Commenced: 07/15/2005

Original Sentence: Prison - 18 months; TSR - 36 months         Date Supervision Expires: 07/14/2007

Revocation: 06/14/2004

Revocation: Prison - 12 months: TSR - 24 months

### PETITIONING THE COURT

To modify the conditions of supervision as follows:

21   You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathanlyzer), as directed by the supervising probation officer, but no more than 6 tests per months, in order to confirm continued abstinence from this substance.

22   You shall not enter into or remain in any establishment where alcohol is the primary item of sale.

### CAUSE

**Mandatory Condition:** The defendant shall not commit another federal, state, or local crime.

**Special Condition #19:** You shall abstain from the use of illegal controlled substances, and shall submit to testing (including urinalysis and patch), as directed by the supervising probation officer, in order to confirm your continued abstinence from these substances.

**Supporting Evidence Violation #1:** Kristy Davis is considered in violation of her supervised release by being arrested for driving under the influence on/or about December 31, 2005.

Ms. Davis reported she was stopped by police after leaving a bar called, "The Flame" located off Sprague street in Spokane Valley. Ms. Davis reported she had consumed six (6) shots of hard liquor within a 45 minute period of time and admitted to being under the influence of alcohol. Ms. Davis indicates after the police obtained a breathanalysis she was released from their custody.

The probation office has not been able to obtain a copy of the police report regarding this matter. Further, there does not appear to be any state charges pending as a result of this criminal driving infraction. The probation office will continue to investigate. Once the police report is available, if there are any issues contained in the report which differ significantly from what the offender has provided, the Court will be informed.

Ms. Davis submitted to a substance abuse evaluation at New Horizons Outpatient Clinic on January 24, 2006. As a result of this evaluation, she was placed into outpatient treatment on February 1, 2006, which requires her to attend 1.5 hours of group counseling weekly, provide verification of her attendance at 2 weekly self-help meetings, and 1 hour per month of individual counseling with her assigned substance abuse counselor.

In addition, Ms. Davis has continued in mental health counseling sessions with Tom Stebbins. Due to her alcohol-related arrest, Ms. Davis' phase random urinalysis schedule was increased from two to four random urinalysis collections per month. Ms. Davis has submitted to approximately 17 random urinalysis test since her release from imprisonment on July 15, 2005, all of which have tested negative for controlled substances.

To Ms. Davis' credit, she reported the violation immediately to the probation office on the first available business day, January 3, 2006. Ironically, while Ms. Davis was reporting to the probation officer, Trimarca Wilson was also contacting the probation office. Ms. Davis is not allowed to associate with Mr. Wilson. Mr. Wilson is no longer under supervised release. He was apparently at the probation office requesting assistance regarding obtaining his identification. Ms. Davis reported it was simply a coincidence that Mr. Wilson was at the probation office at the same time she choose to report to speak with the undersigned officer.

Based on Ms. Davis' willingness to address the violation with treatment and agreeing to abstain from bars or taverns, the probation office would ask that the Court consider the modifications listed herein. The probation office will notify the Court if future violations occur.

Respectfully submitted,

by _____

Missy K. Kolbe
U.S. Probation Officer
Date: February 16, 2006

---

## THE COURT ORDERS

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[X] The Modification of Conditions as Noted Above
[ ] Other

_____
Signature of Judicial Officer

2/16/06
Date

PROB 49
(3/89)

# United States District Court

<u>    Eastern    </u> **District** <u>    Washington    </u>

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**Special Condition 21:** You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Special Condition 22:** You shall not enter into, or remain in any establishment where alcohol is the primary item of sale.


Witness: _____        Signed: _____
           U.S. Probation Officer                                        Probationer or Supervised Releasee

                                                          1-3-06
                                                          Date